63 .599
68  183

ANTON PERSON, PLAINTIFF BELOW, PLAINTIFF IN ERROR, v. MARY E. HERRING ET AL., DEFENDANTS BELOW, DEFENDANTS IN ERROR.

Argued June 22, 1899—Decided November 20, 1899.

1. Under the fifth section of the supplement to the Mechanics' Lien law, approved March 14th, 1895 (*Pamph. L*, *p.* 313; *Gen. Stat.*, *p.* 2074; *Pamph. L.* 1898, *p.* 539), which expressly forbids the owner to pay any money in advance of the terms of the contract, if the effect may be that the amount unpaid will prove insufficient to satisfy the notices served upon the owner under the other provisions of the Mechanics' Lien laws, such notices must appear to have been served before the contract provided for by such fifth section has been completed according to the terms of the contract or before the liability of the owner under the contract matures. The lien upon the liability expires on such maturity of the contract if no notice has been given, and a notice served after such maturity derives no aid from the fifth section of such supplement.

2. In a trial before the court or trial judge without a jury, upon the question when the written and filed contract under the provisions of the Mechanics' Lien law between the owner and the contractor was completed and performed according to its terms, or when the building therein provided for was completed, or when demand was made and notice given, in order that the court ascertain whether the payments on such contract were in advance of its terms, the finding of facts are not reviewable upon writ of error. The only question upon which a review can be had on error is whether the facts so found are sufficient to sustain the judgment. The court on error will not settle the disputed facts of such trial.

3. The proper practice considered when jury is waived and trial is had by the court or judge.

On error to the Bergen County Circuit Court.

For the plaintiff in error, *Addison Ely.*

For the defendants in error, *Charles C. Black* and *William F. Midlidge.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ of error brings up for review the judgment in favor of the defendant below, who is defendant in error, against the plaintiff below, who is plaintiff in error, and the finding of fact upon which such judgment is based.

The cause was tried before the judge of the Circuit Court, the jury having been waived by consent of parties.

The undisputed facts before the trial judge were that on November 7th, 1896, Charles Planer, as a contractor, entered into a written contract with Henry F. Herring, acting as agent of Mary E. Herring, owner, for the erection of a dwelling-house at Hasbrouck Heights, for the sum of $4,450. The contract was duly filed. Planer sub-contracted with plaintiff to perform the carpenter work for $800. When the carpenter work was completed Planer owed the plaintiff $246. On December 31st, 1897, the plaintiff demanded payment of this sum from Planer, and upon payment being neglected or refused he gave notice on January 3d, 1898, under the provisions of the Mechanics' Lien law, to the defendant to pay him such sum of $246. The defendant refused to pay the plaintiff upon the ground that all payments had been made, according to the terms of the contract, to Planer or others, and that no payments had been made in advance of the terms of the contract, and that, therefore, no liability of the defendant arose to the plaintiff. The contract or agreement provided that all payments should be made upon a certificate produced and signed by the architect in charge of the work of the building, that the work had been done in accordance with the contract. The contract also provided that the payments should be made as follows: "First, when frame is up and sheathed, $500; second, when building is enclosed, $1,000; third, when plaster

is completed, $940; fourth, when building and contract is completed, $2,010." The contract also provided that the building should be completed on or before March 1st, 1897. The architect gave his certificate that the building was completed and the contractor entitled to the last payment on June 2d, 1897, and the last payment was made by the defendant to Planer on June 3d, 1897, at which time no demand by the plaintiff had been made on Planer for the balance due plaintiff, and no notice under the Mechanics' Lien law of his refusal or neglect to pay had been given by the plaintiff to the defendant. The defendant and her husband moved into and occupied the house some time in the month of May.

A dispute arose before the trial court upon the question when it was that the building was actually completed under the terms of the contract.

The plaintiff contends that it was not completed until the 18th of June, 1897, which was after the last payments were made upon the contract to Planer or to others who had made demands and given notice according to the provisions of the Mechanics' Lien law. He testifies that he had men working there on the 18th day of June. He fails, upon cross-examination, to state at what sort of work they were then engaged. He also says that Mr. and Mrs. Herring, the defendants, had then been in the occupancy of the house some three or four weeks, and living in it as their home. He can give no dates, although asked to do so, when the work was done after May 15th; that he, at this latter date, had a settlement with Planer; that he then received some money from him, and that the balance due, as then found, was the sum of $246, now in action in this suit. Planer also testifies that the work was not completed on June 3d, when the final payment was made on the contract to him, and that the plaintiff had work done two weeks after, but he cannot tell of what this work consisted.

Opposed to this evidence are the facts that the defendant had in May taken possession and was living in the house; that the architect mentioned in the contract, upon inspection, had given a certificate on June 2d, 1897, that the work was

completed and the last payment due; the fact that plaintiff had made a settlement with Planer and had struck a balance on May 15th, 1897; that certain moneys, on June 3d, 1897, were paid by defendant to those who had given notice; that the balance had been paid to Planer, who received it as a final payment due on the contract as completed and gave a receipt to that effect.    It will also be perceived as a fact in this connection that the plaintiff made no formal demand until December 31st, 1897, and gave no notice until January 3d following, and that, during the intervening period, he had filed a lien claim upon the lot and building, commenced action thereon and had discontinued it.

Mr. Herring, the defendant, testified to moving in the house on May 15th; that it was then completed save a few slight things which had been omitted; that the certificate was given on June 2d, and that after May 15th the plaintiff did no work; that there was none to be done except the cleaning of the floors of the dust, which could in any event be included in the work of the contractor, and that was done by himself and his wife after they moved in.    The architect testifies that when he gave the certificate on June 2d from his inspection, the building was actually and wholly finished, and the defendant and her husband were living there, and that final payments were made next day to those who had given notice and the balance to Mr. Planer, who gave a receipt for it.

The contention of the plaintiff is that a liability of the defendant to the plaintiff arose, because the last payment was made in advance of the terms of the contract between Planer and the defendant contrary to the provisions of the fifth section of the supplement to the Mechanics' Lien law, approved March 14th, 1895 (*Gen. Stat., p.* 2074, § 41), which provides "that if any owner or owners of any building or other property * * * shall, in *advance of the terms of such contract,* pay any money or other valuable thing on such contract, and the amount still due on the contract after such payment has been made shall be insufficient to satisfy the notices served in conformity with the provisions of the act to which this is

a supplement, or the various supplements or amendments thereto, such owner or owners shall be liable in the same manner as if no such payment had been made."

The facts found by the trial judge upon the evidence as stated, were that the building was actually completed and the contract performed on the 3d day of June, and that the payment made on that day was not made "in advance of the terms of such contract," but in accordance with "its terms;" that no demand was made by the plaintiff upon Planer in accordance with the provisions of the Mechanics' Lien law until December 31st, 1897, and that no notice of the neglect or refusal of Planer to pay him the balance was given by the plaintiff to the defendant until January 3d, 1898.

The conclusion upon the finding of these facts was that there existed no liability against the defendant in this action, and, therefore, judgment was entered in her favor.

The facts found were entirely sufficient in law to justify the conclusion.

In *Slingerland* v. *Binns*, 11 *Dick. Ch. Rep.* 413, the supplement of March 14th, 1895, to which reference has been made was construed by this court. Mr. Justice Dixon, in that case, in the opinion, among other things, said : "This enactment, we think, affords a reasonably clear indication of a legislator's purpose to give persons entitled to serve the statutory notice an inchoate lien upon the liability of the owner under the contract, until that liability matures, but to expire on such maturity if no notice has been given ; for a notice served after maturity derives no aid from this provision."

It is certain in this case, as found by the court below, that this contract had matured on June 3d, 1897. There is no necessity of considering under the evidence the question whether as to the plaintiff it had not matured on May 15th.

From the argument and briefs in this case there appears to have existed a misunderstanding in the mind of counsel that it became the duty of this court, upon this writ of error, to review the evidence to ascertain whether it justified the find-

ing of the court of the facts upon which the conclusion of the trial judge was based and judgment entered. Such is not the law, and the evidence cannot be reviewed upon writ of error.

Section 176 of the Practice act (*Gen. Stat., p.* 2562), provides that in cases tried before a court or judge that " report or determination of the court or justice upon such issue shall be entered in the minutes of the court, or annexed to Circuit record, as a *postea,* and judgment given thereon, in like manner as in case of a verdict of a jury, and either party may allege an exception and have the same sealed, or move for a new trial, as in case of trial by jury."

In such a case the court is substituted for the jury, and its finding upon fact cannot be reviewed upon writ of error. *Columbia Delaware Bridge Co.* v. *Geisse,* 9 *Vroom* 39, 580.

All that can be reviewed is the sufficiency of the facts found to support the judgment. *Elizabeth* v. *Hill,* 10 *Vroom* 555; *Blackford* v. *Plainfield Gaslight Co.,* 14 *Id.* 438; *Newark Passenger Railroad Co.* v. *Kelly,* 28 *Id.* 655; *Mills* v. *Mott,* 30 *Id.* 15.

It will be noticed that the exception which is sealed in this case is a general one to the ruling of the judge.

The late Chief Justice Beasley, in *Mills* v. *Mott, supra,* considered the practice in such cases, and said: "An exception to the finding of a judge upon the law and facts of a case is no better than such an exception would be to the finding of a jury. The statute regulating the subject declares in terms that when a jury shall have been waived, ' either party may allege an exception and have the same sealed, or move for a new trial, as in case of trial by jury.' This leaves the methods of procedure in this respect as at common law. By this process in that system the facts making up this controversy could not be transferred to the higher court for review. * * * Nor does it seem to the court there can be any embarrassment in conducting these trials before the court according to the common routine. If a particular rule of law be deemed applicable to the facts in evidence, the judge can be called upon

to apply such principle, and, if such request be refused, a bill of exceptions will then be in order. The settled rule is that the particular portion of the judicial exposition of the law that is considered erroneous should be specified. In the present instance the objection interposed is to the finding of the judge with respect to all the facts and to all the law that it comprehends. Such a proceeding has no legal value whatever."

The judgment of the Circuit Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, VAN SYCKEL, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.   12.

*For reversal*—None.